*1406 OPINION.
Arundell:
The petitioner seeks affiliation only with H. Boker & Co., Inc. Evidence as to the other two companies was introduced to show the unity of management and close business relationship existing between all four.
As to the ownership of petitioner’s stock, H. Boker & Co., Inc., owned 122 shares of a total of 162 shares outstanding, or 75.3 per cent. The remaining 24.7 per cent of the stock was owned by Grafmueller, who was vice president and a director of the parent company. Prior to the creation of che petitioner Grafmueller had been in charge of the cutlery department of the parent company and its predecessor and the petitioner company was created largely for the purpose of giving him an interest in the business. Grafmueller was in reality an employee, and the petitioner a department of the parent; the profitable existence of the petitioner, and hence the value of Grafmueller’s stock, depended upon sales of products made by two concerns, in one *1407 of which the parent company owned all the stock and in the other it owned 83½ per cent. From all the facts and circumstances we are satisfied that the parent company controlled all of the stock of the petitioner that it did not directly own. Hamilton & Chambers Co., Inc., 1 B. T. A. 694; John Robinson Shows Co., 12 B. T. A. 806.

Judgment will be entered, under Rule 50.